UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAYRON LOPEZ PEREZ,
                    Petitioner,

-v-

KENNETH GENALO, *et al.*,
                    Respondents.

26-CV-715 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Petitioner Bayron Lopez Perez, a citizen of El Salvador, entered the United States in 2013. (ECF No. 4 ¶ 2.) Lopez Perez filed an application for asylum with U.S. Citizenship and Immigration Services ("USCIS") in 2024. (*Id.*) On January 28, 2026, while attending his asylum interview at the USCIS Asylum Office in New York, New York, Lopez Perez was detained by officers from U.S. Immigration and Customs Enforcement. (*Id.*) That same day, Lopez Perez filed a petition for writ of habeas corpus (ECF No. 1), which he later amended (ECF No. 4). At the time of the filing of the petition, Lopez Perez was detained by Respondents at 26 Federal Plaza in New York, New York. (*Id.* ¶ 2; ECF No. 5.)

    Respondents assert the authority to detain Lopez Perez under 8 U.S.C. § 1225(b)(2)(A), a provision of the Immigration Nationality Act pursuant to which detention is typically mandatory. (ECF No. 8 at 1.) In *Yang v. Almodovar*, this Court concluded that 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A), governs detention of noncitizens like Lopez Perez, who have been living in the United States. No. 25-CV-10265, 2025 WL 3678644, at *1 (S.D.N.Y. Dec. 18, 2025). "[T]he text of each provision, alongside the overall statutory scheme, amendment history, and the government's own recent understanding of the relevant provisions, compel the conclusion that § 1225(b)(2)(A) applies only to noncitizens actively seeking admission to the

1

United States, and not to individuals like [Lopez Perez] who have already entered and have been residing in the country." *Id.* As this Court stated in *Yang*, other courts have overwhelmingly reached the same conclusion. *Id.* (citing *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *J.G.O. v. Francis*, No. 25-CV-7233, 2025 WL 3040142, at *2-4 (S.D.N.Y. Oct. 28, 2025); *Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *2-5 (S.D.N.Y. Nov. 4, 2025); *Cardenas v. Almodovar*, No. 25-CV-9169, 2025 WL 3215573, at *1-2 (S.D.N.Y. Nov. 18, 2025); *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903 (S.D.N.Y. Nov. 26, 2025); *Goorakani v. Lyons*, No. 25-CV-9456, 2025 WL 3632896, at *6-8 (S.D.N.Y. Dec. 15, 2025)).

Respondents concede that this Court's prior decision in *Yang* is on all fours with the case before it now. (ECF No. 8 at 2.) For the reasons stated in *Yang* and elsewhere, this Court concludes that Lopez Perez was not subject to mandatory detention under 8 U.S.C. § 1225(b), and instead "may be subject to detention only as a matter of discretion under § 1226(a)." *Id.* (quoting *Lopez Benitez*, 795 F. Supp. 3d at 491).

Because Lopez Perez's detention is governed by § 1226(a) and there is no evidence of an individualized assessment "sufficient to qualify as a valid exercise of discretion," *Lopez Benitez*, 795 F. Supp. 3d at 496, his detention violates the Due Process Clause. *See, e.g.*, *Tumba Huamani*, 2025 WL 3079014, at *7. Accordingly, he must be released. *See Yang*, 2025 WL 3678644, at *2.

Having determined that Lopez Perez's procedural due process rights were violated, the Court does not address his alternative arguments.

The petition for a writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Lopez Perez from custody and certify compliance with this order by filing

an entry on the docket no later than 12:00 p.m. on January 31, 2026. The conference previously scheduled for February 3, 2026 at 4:00 p.m. is hereby adjourned.

    SO ORDERED.

Dated: January 30, 2026
       New York, New York

                                        J. PAUL OETKEN
                                        United States District Judge