UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAYRON LOPEZ PEREZ,

                    Petitioner,

            -v-

KENNETH GENALO, *et al.*,

                    Respondents.

26-CV-715 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

On January 30, 2026, the Court granted Bayron Lopez Perez's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 and ordered his immediate release from government

custody.  (ECF No. 10.)  Later that day, Respondents filed a letter indicating that Immigration

and Customs Enforcement ("ICE") released Petitioner from custody.  (ECF No. 11.)  Before the

Court now is Lopez Perez's letter motion to compel compliance with the Court's prior Order,

which has not been opposed.  (ECF No. 13.)

Lopez Perez is a native and citizen of El Salvador who has lived in the United States

since 2013.  (ECF No. 13-1 ¶ 2.)  He has a pending application for asylum and was detained

while attending his asylum interview.  (*See* ECF No. 10 at 1.)  Because Respondents asserted the

authority to detain Lopez Perez under 8 U.S.C. § 1225(b)(2)(A), and because this Court has

previously held that 8 U.S.C. § 1226(a) governs the detention of noncitizens like Lopez Perez,

the Court concluded that Respondents' detention of Lopez Perez without individualized

assessment violated his rights under the Due Process Clause.  (*Id.* at 2.)

Lopez Perez now alleges that, prior to his release from detention, he was fitted with an

ankle monitoring device and was given an appointment on February 2, 2026 to enroll in an

intensive supervision program with ICE.  (ECF No. 13-1 ¶ 6.)  At his appointment, Lopez Perez

1

was told by an ICE officer that he was being enrolled in an Intensive Supervision Appearance Program, that he could not travel more than seventy-five miles from his home without prior authorization from ICE, and that he had to request such authorization at least two weeks in advance of such travel.  (*Id.* ¶ 7.)  He was further instructed to download an app on his phone and was informed that he would receive periodic calls from ICE or an ICE contractor through that app, that he had to answer the call as he would not be able to call them back after missing a call, and that his release would be terminated if he missed more than two calls.  (*Id.*)  Lopez Perez informed the ICE officer that his ankle monitor was digging into his ankle, causing the ankle to swell and making it painful to walk, but the officer did not remove or adjust the monitor.  (*Id.*)  Since then, Lopez Perez has had continued difficulty walking, sleeping, and bathing.  (*Id.* ¶ 8.)

"[E]lectronic monitoring and mandatory reporting amount to custody for habeas purposes."  *Campbell v. Almodovar*, No. 25-CV-09509, 2025 WL 3626099, at *1 (S.D.N.Y. Dec. 15, 2025) (citing *Khabzha v. U.S. Immigr. & Customs Enf't*, No. 25-CV-05279, 2025 WL 3281514, at *3 (S.D.N.Y. Nov. 25, 2025)).  As Judge Furman explained in his well-reasoned opinion, "[t]he Supreme Court and the Second Circuit have long held that the 'custody requirement' in Section 2241, as in 28 U.S.C. § 2254, 'may be satisfied by restraints other than actual, physical custody incarceration.'"  *Khabzha*, 2025 WL 3281514, at *3 (quoting *Vega v. Schneiderman*, 861 F.3d 72, 74 (2d Cir. 2017)) (other quotation marks omitted).  "The relevant test is whether the petitioner 'is subject to restraints not shared by the public generally.'"  *Id.* (quoting *Hensley v. Mun. Ct., San Jose Milpitas Jud. Dist.*, 411 U.S. 345, 351 (1973)).

Since being released from physical custody, Lopez Perez has been required to participate in an Intensive Supervision Appearance Program, wear an ankle monitor at all times, seek permission before traveling more than seventy-five miles from his home, and constantly monitor

2

his phone for check-in calls, with the threat of being re-detained if he misses two such calls. These conditions on his release render him in custody for habeas purposes. *See id.*; *see also Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) (Nathan, J.) ("[T]he Supreme Court has repeatedly held that the in-custody requirement is met where the Government restricts a petitioner's freedom of action or movement.").

The Court's prior Order held that 8 U.S.C. § 1226(a) governed Lopez Perez's detention and that, as a result, he was subject to detention only as a matter of discretion. (ECF No. 10 at 2.) Because there was no evidence that Respondents made any kind of individualized determination as to Lopez Perez, the Court ordered his immediate release from ICE custody. (*Id.* at 2-3.) No part of that Order allowed Respondents to retain custody over Lopez Perez through ankle monitoring or mandatory reporting without making the required individualized assessment. And Respondents have not furnished evidence that any such assessment has been made since the date of the prior Order. Indeed, Respondents have not responded to Lopez Perez's letter motion at all. ICE's continued custody of Lopez Perez therefore violates the Court's prior Order.

Accordingly, Lopez Perez's motion is GRANTED. Respondents are ORDERED to fully comply with the terms of the Court's prior Order dated January 30, 2026 releasing him from custody. Respondents are ORDERED to promptly terminate Lopez Perez's enrollment in the Intensive Supervision Appearance Program and to remove his ankle monitor. Respondents shall certify compliance with this order by filing an entry on the docket no later than close of business on March 24, 2026.

SO ORDERED.

Dated: March 20, 2026
     New York, New York

J. PAUL OETKEN
United States District Judge

3